UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GERARDO PINEDO, Sr., Individually | § | |
| and on Behalf of the Estate of | § | |
| GERARDO PINEDO, Jr. | § | CIVIL ACTION NO. |
| Plaintiff, | § | 3:14-CV-00958-D |
| | § | |
| v. | § | |
| | § | |
| CITY OF DALLAS, JAMAL ROBINSON, | § | |
| and MARK MELTABARGER, | § | |
| Defendants. | § | |

**DEFENDANT CITY OF DALLAS'S MOTION PURSUANT**

**TO RULE 12(b)(6) TO DISMISS PLAINTIFF'S CLAIMS**

**ALLEGED AGAINST IT IN PLAINTIFF'S FIRST AMENDED**

**COMPLAINT, AND BRIEF IN SUPPORT**

WARREN M. S. ERNST
DALLAS CITY ATTORNEY

James C. Butt
Assistant City Attorney
Texas Bar No. 24040354
james.butt@dallascityhall.com

Jason G. Schuette
Executive Assistant City Attorney
Texas Bar No. 17827020
jason.schuette@dallascityhall.com

City Attorney's Office
1500 Marilla Street, Room 7B North
Dallas, Texas 75201
Telephone:    214-670-3519
Telecopier:    214-670-0622

Attorneys for Defendant City of Dallas

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................... iv

I.      SUMMARY OF MOTION.............................................................................1

II.     ARGUMENT AND AUTHORITIES REQUIRING DISMISSAL..................................2

        A.      Applicable Legal Standards for Rule 12(b)(6) Motions .........................2

                1.      The standard for dismissal under rule 12(b)(6):  does the
                        complaint state a valid claim for relief?....................................2

                2.      A complaint must state sufficient non-conclusory facts to
                        permit the reasonable inference that the defendant is liable. .......................3

        B.      Plaintiff's Complaint Fails to Plead a Plausible Claim for Relief
                Against the City Under 42 U.S.C. § 1983...............................................4

                1.      Municipal liability under section 1983 .......................................4

                2.      Plaintiff's section 1983 claim against the City must be
                        dismissed because Plaintiff fails to plead the identity of the
                        City's final policymaker. ..........................................................7

                3.      Plaintiff's section 1983 claim against the City must be
                        dismissed because Plaintiff fails to plead facts supporting the
                        existence of an offending City custom having the force of
                        official City policy. ...................................................................9

                4.      Plaintiff fails to plead sufficient facts to permit a rational
                        inference of policymaker deliberate indifference. .....................12

                5.      Plaintiff's training, supervision, and discipline allegations are
                        conclusory and are insufficient to allow an inference of
                        liability. ...................................................................................14

        C.      Plaintiff Fails to Plead a Viable Conspiracy Claim. ............................15

        D.      Plaintiff Fails to State a Plausible Claim for Relief Under the
                Fourteenth Amendment. .....................................................................17

        E.      Plaintiff Fails to State a Plausible Claim for Relief for Wrongful
                Death. ..............................................................................................18

III.    CONCLUSION...........................................................................................20

Defendant City of Dallas' Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiffs'
Claims Alleged Against It In Plaintiffs' First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                                    ii

CERTIFICATE OF SERVICE ..................................................................................................22

Defendant City of Dallas' Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiffs'
Claims Alleged Against It In Plaintiffs' First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                                    iii

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Law Firm of Shorty, Dooley & Hall,*
    393 F. App'x 214 (5th Cir. 2010) ....................................................................... 19

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009) ........................................................................ 4, 5, 8, 12, 16, 17

*Bd. of Comm'rs v. Brown,*
    520 U.S. 397 (1997) ............................................................................................... 6

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ............................................................... 3, 4, 5, 8, 12, 16, 17, 19

*Bennett v. City of Slidell,*
    728 F.2d 762 (5th Cir. 1984) ........................................................................... 6, 13

*Boyles v. Kerr,*
    855 S.W.2d 593 (1993) ........................................................................................ 24

*Bryan v. City of Madison,*
    213 F.3d 267 (5th Cir. 2000) ............................................................................... 18

*Campbell v. City of San Antonio,*
    43 F.3d 973 (5th Cir. 1995) ................................................................................ 13

*City of Canton v. Harris,*
    489 U.S. 378 (1989) .......................................................................................... 8, 17

*Conley v. Gibson,*
    355 U.S. 41 (1957) ............................................................................................ 3, 4

*Curtis v. Arapaho Venture Ltd.,*
    Civil Action No. 3:03cv2099, 2004 WL 2248236 (N.D. Tex. Oct. 5, 2004) ........................ 24

*Davenport v. City of Garland,*
    No. 3:09cv798-B, 2010 WL 1779620 (N.D. Tex. Apr. 9, 2010)............................ 9, 10, 13, 14

*Deville v. Marcantel,*
    567 F.3d 156 (5th Cir. 2009) ................................................................................. 8

*Estate of Davis ex rel. McCully v. City of N. Richland Hills,*
    406 F.3d 375 (5th Cir. 2005) ............................................................................. 7, 8

Defendant City of Dallas' Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiffs'
Claims Alleged Against It In Plaintiffs' First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                                                    iv

*Fernandez-Montes v. Allied Pilots Ass'n*,
987 F.2d 278 (5th Cir. 1993) ................................................. 3

*Fraire v. City of Arlington*,
957 F.2d 1268 (5th Cir. 1992) ................................................ 13

*Graham v. Connor*,
490 U.S. 386 (1989) ............................................................... 22

*Griffin v. Breckenridge*,
403 U.S. 88 (1971) ................................................................ 18

*Hilliard v. Ferguson*,
30 F.3d 649 (5th Cir. 1994) .................................................. 20

*Hutchison v. Metro. Gov't*,
685 F. Supp. 2d 747 (M.D. Tenn. 2010) .............................. 16

*In re Katrina Canal Breaches Litig.*,
495 F.3d 191 (5th Cir. 2007) ................................................ 3

*Jackson v. Procunier*,
789 F.2d 307 (5th Cir. 1986) ................................................ 2

*Jenkins v. Humboldt Cnty.*,
No. C 09-5899 PJH, 2010 WL 1267113 (N.D. Cal. Mar. 29, 2010) .................... 16

*Johnson v. Davis*,
178 S.W.3d 230 (Tex.App.-Houston [14th Dist.] 2005, pet. denied) ................... 23

*Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*,
677 F.2d 1045 (5th Cir. 1982) ............................................... 3

*Lynch v. Cannatella*,
810 F.2d 1363 (5th Cir. 1987) ............................................... 19

*Mabien v. Riley*,
No. 08-00728-CG-B, 2009 WL 4609763 (S.D. Ala. Dec. 1, 2009) .................... 16

*Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*,
369 F.3d 464 (5th Cir. 2004) ................................................ 3

*Martin v. District of Columbia*,
No. 09-1241 (EGS), 2010 WL 2628711 (D.D.C. July 1, 2010) ..................... 16

*McLellan v. Miss. Power & Light Co.*,
545 F.2d 919 (5th Cir. 1997) ............................................... 18

Defendant City of Dallas' Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiffs'
Claims Alleged Against It In Plaintiffs' First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                     v

*Monell v. Dep't of Soc. Servs.*,
    436 U.S. 658 (1978)...................................................................................... 8

*Morin v. Caire*,
    77 F.3d 116 (5th Cir. 1996) ........................................................................ 2

*Nelson v. Radio Supply Co.*,
    200 F.2d 911 (5th Cir. 1992). .................................................................... 20

*Pembaur v. City of Cincinnati*,
    475 U.S. 469 (1986)...................................................................................... 17

*Priester v. Lounds Cnty.*,
    354 F.3d 414 (5th Cir. 2008) ...................................................................... 19

*Sanville v. McCaughtry*,
    266 F.3d 724 (7th Cir. 2001) ...................................................................... 1

*Scott v. Moore*,
    640 F.2d 708 (5th Cir. 1981) ...................................................................... 18

*Small v. Dallas Cnty.*,
    170 F. App'x 943 (5th Cir. 2006) .............................................................. 20

*Smith v. Brenoettsy*,
    158 F.3d 908 (5th Cir. 1998) ...................................................................... 8

*Tebo v. Tebo*,
    550 F.3d 492 (5th Cir. 2008) ...................................................................... 19

*Thompson v. City of Galveston*,
    979 F. Supp. 504 (S.D. Tex. 1997) ............................................................ 20

*Umana v. Kroger Texas, L.P.*,
    239 S.W.3d 434 (Tex. App.—Dallas 2007, no pet.)................................ 23

*University of Texas Med. Branch v. York*,
    871 S.W.2d 175 (Tex. 1994)........................................................................ 23

*Ward v. Nevada*,
    No. 3:09-cv-00007-RCJ-VPC, 2010 WL 1633461 (D. Nev. Feb. 26, 2010) ........................ 16

*Washington v. United States Dep't of Hous. & Urban Dev.*,
    953 F. Supp. 762 (N.D. Tex. 1996) ............................................................ 2

*Webster v. City of Houston*,
    735 F.2d 838 (5th Cir. 1984) ...................................................................... 7

Defendant City of Dallas' Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiffs'
Claims Alleged Against It In Plaintiffs' First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                    vi

**STATUTES**

42 U.S.C. § 1983 .................................................................................................. 1, 4, 5

42 U.S.C. § 1985(3) .............................................................................................. 1, 15

Tex. Civ. Prac. & Rem. Code § 101.001 ............................................................... 20

Tex. Civ. Prac. & Rem. Code § 101.021 ............................................................... 19

Tex. Civ. Prac. & Rem. Code § 101.057 ............................................................... 19

Tex. Penal Code § 22.01(a)(1) ............................................................................... 19

**RULES**

Fed. R. Civ. P. 1 ....................................................................................................... 3

Fed. R. Civ. P. 12(b)(6) ........................................................................................ 1, 2

Fed. R. Civ. P. 8(a)(2) ............................................................................................. 4

Defendant City of Dallas' Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiffs'
Claims Alleged Against It In Plaintiffs' First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                                         vii

TO THE HONORABLE COURT:

Defendant City of Dallas ("City"), pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, files this motion to dismiss the claims alleged against the City in Plaintiff's First Amended Complaint ("Complaint") (ECF #17).

## I.       SUMMARY OF MOTION

Plaintiff, Gerardo Pinedo, Sr., sues on his own behalf and as representative of the estate of Gerardo Pinedo, deceased ("Pinedo").  Plaintiff alleges claims against the City pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3) and Texas law arising from an encounter between Pinedo and Dallas police officers Jamal Robinson ("Robinson"), and Mark Meltabarger ("Meltabarger") (jointly "the Officers").  To the extent that Pinedo sues the Officers in their official capacities, Pinedo's official capacity claims are against the City, and the City seeks dismissal of those claims.  *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001).  Plaintiff alleges that the City violated Pinedo's Fourth and Fourteenth Amendment rights, and engaged in a conspiracy against Pinedo, and is also liable under Texas law for Pinedo's wrongful death.  Plaintiff seeks compensatory and punitive damages, attorney's fees, and costs.

The City is entitled to dismissal of the constitutional claims because Plaintiff fails to plead facts sufficient to state a plausible claim.  Plaintiff's well-pleaded factual allegations do not permit this Court to draw a reasonable inference that the City is liable for its police officers' alleged wrongdoing, and Plaintiff's Complaint omits allegations necessary to make the municipal liability claim based upon a City custom plausible.  As such, Plaintiff's allegations as to the City are conclusory assertions of misconduct which are "merely consistent with" municipal liability, and are insufficient to support liability as a matter of law.

Plaintiff fails to state a plausible conspiracy claim against the City arising under 42

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                                          Page 1

U.S.C. § 1985 because he fails to allege facts sufficient to show an actionable conspiracy.

Plaintiff fails to state a plausible Texas tort claim because he alleges intentional tortious conduct for which the City is immune.

## II.     ARGUMENT AND AUTHORITIES REQUIRING DISMISSAL

### A.     Applicable Legal Standards for Rule 12(b)(6) Motions

#### 1.     The standard for dismissal under rule 12(b)(6):  does the complaint state a valid claim for relief?

Rule 12(b)(6) provides for dismissal of a claim if the complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); *Washington v. United States Dep't of Hous. & Urban Dev.*, 953 F. Supp. 762, 768 (N.D. Tex. 1996)  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint, and such a motion must be evaluated solely on the basis of the pleadings.  *Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986). There are two primary considerations for a court's analysis of the propriety of a motion to dismiss under Rule 12(b)(6).  First, the allegations contained in the complaint are to be construed in the plaintiff's favor and all *well-pleaded* facts are to be accepted as true.  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007 (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  However, conclusory statements in a complaint are not to be accorded a presumption of truth.  *Kaiser Alum. & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Washington*, 953 F. Supp. at 768.  Therefore, conclusory allegations and legal conclusions masquerading as factual assertions are not adequate to prevent dismissal for failure to state a claim.  *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Second, the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), that the factual allegations in a complaint must be enough to raise a right to relief above the

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                                    Page 2

speculative level on the assumption that all of the allegations are true. *Twombly*, 550 U.S. at 555 (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)). That is, it is no longer sufficient that relief could be granted under some theoretical set of facts consistent with a complaint's allegations, which was the familiar standard the Supreme Court set out in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Rather, under *Twombly*, plaintiffs must "nudge their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Therefore, to survive a motion to dismiss made pursuant to Rule 12, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The plausibility standard applies to all of a plaintiff's claims.

> **2.     A complaint must state sufficient non-conclusory facts to permit the reasonable inference that the defendant is liable.**

The Supreme Court clarified the scope and application of *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *Iqbal* makes clear that the *Twombly* decision was based upon the Supreme Court's interpretation and application of Rule 8, *Iqbal*, 556 U.S. at 684 (citing *Twombly*, 550 U.S. at 554), which "governs the pleading standard 'in all civil actions and proceedings in the United States district courts,'" *id.* (quoting Fed. R. Civ. P. 1)). Therefore, *Twombly's* (and *Iqbal's*) requirements apply to Plaintiff's allegations against the City.

The legal foundation of this motion is set out in section IV-A of the opinion of the Court in *Iqbal*. In summary, *Iqbal* held that the following standards apply when evaluating the sufficiency of *all* federal complaints:

- The Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

- A complaint must be plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                                      Page 3

*Twombly*, 550 U.S. at 556).

- "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

- A complaint is insufficient if it merely tenders "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

The *Iqbal* Court stated that its decision in *Twombly* was supported by two principles, from which the foregoing standards were derived. "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Therefore, and critically, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Second, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (applying Fed. R. Civ. P. 8(a)(2) (requiring " a short and plain statement of the claim showing the pleader is entitled to relief.")). Thus, *Iqbal* directs that a court considering a motion to dismiss "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Such conclusions are not "well-pleaded" factual allegations, and do not plausibly give rise to an entitlement to relief.

## B. Plaintiff's Complaint Fails to Plead a Plausible Claim for Relief Against the City Under 42 U.S.C. § 1983.

### 1. Municipal liability under section 1983

A plethora of cases have expounded upon the standards for imposing liability on a municipality under section 1983. It is well-settled that a municipality cannot be liable under a theory of *respondeat superior. Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                     Page 4

(citing *Bd. of Comm'rs v. Brown*, 520 U.S. 397, 403 (1997)).  Isolated unconstitutional actions

by municipal employees will almost never trigger municipal liability.  *Piotrowski*, 237 F.3d at

578 (citing *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984)).  Rather, and as the

Fifth Circuit emphasized in *Piotrowski,* to hold the City liable under section 1983 a plaintiff must

establish that an "official policy" of the municipality–and not the policy of an individual city

official–was the "moving force" and actual cause of the loss of constitutional rights and any

resultant harm.  *Piotrowski*, 237 F.3d at 578.

The Fifth Circuit reiterated in *Piotrowski* that, while official policy "is ordinarily

contained in duly promulgated policy statements, ordinances, or regulations," it may arise from a

*custom*, previously defined by the Fifth Circuit in *Webster v. City of Houston* as

> a persistent, widespread practice of City officials or employees, which,
> although not authorized by officially adopted and promulgated policy, is
> so common and well-settled as to constitute a custom that fairly represents
> municipal policy.

*Piotrowski*, 237 F.3d at 579 (citing *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir.

1984)).

However, it is not sufficient that a plaintiff simply offer the raw assertion that there was a

custom having the force of municipal policy.  *Piotrowski* requires the plaintiffs to specifically

identify the official policy (custom) that is alleged to have caused the constitutional harm:

> It follows that that each and any policy which allegedly caused constitu-
> tional violations must be specifically identified by a plaintiff, and it must
> be determined whether each one is facially constitutional or unconsti-
> tutional.

*Piotrowski*, 237 F.3d at 579-80.

Absent a facially unconstitutional policy or custom, municipal liability under section

1983 can only arise from a custom having the force of official policy if the municipal policy-

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                                    Page 5

makers were deliberately indifferent to the "'known or obvious consequences' that constitutional violations would result" from the custom. *Piotrowski*, 237 F.3d at 579. Countless Fifth Circuit decisions have explained that deliberate indifference imposes a strict standard of fault. For example, in *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375 (5th Cir. 2005), the Fifth Circuit stated that "[f]or an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Estate of Davis*, 406 F.3d at 381 (citing *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998) (internal quotation marks and citations omitted)). Thus, a sufficient complaint must provide adequate "factual content" to make deliberate indifference by the City's official policymakers not merely conceivable, but plausible in the context of the facts alleged. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiffs pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

In a similar vein, the Supreme Court held in *City of Canton v. Harris*, 489 U.S. 378 (1989), that a *Monell*[1] claim based upon a "policy" of inadequate police training requires proof of "deliberate indifference" to the rights of persons with whom the police will come into contact. *Canton*, 489 U.S. at 388. Likewise, a claim based upon a municipality's failure to supervise or discipline its police officers requires the same showing of a policymaker's deliberate indifference to the constitutional rights of citizens. *Deville v. Marcantel*, 567 F.3d 156, 171 (5th Cir. 2009) (citing *Piotrowski*, 237 F.3d at 581). In order to plead a *Monell* claim based upon alleged City customs of deficient training and supervision, Plaintiff must plead *facts* supporting deliberate indifference by the City's final policymakers to a specific inadequacy in the City's training,

---

[1] *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (holding that municipal governments are "persons" subject to liability under 42 U.S.C. § 1983).

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                          Page 6

supervision, or discipline of its officers.  Plaintiff has failed to plead such facts.

Plaintiff's Complaint fails to state a plausible section 1983 claim against the City because although Plaintiff identifies various policymakers, Plaintiff (1) fails to plead the identity of the City's *final* policymaker responsible for the alleged misconduct of the City's police officers; (2) fails to plead facts sufficient to support an inference of the existence of a persistent and widespread custom having the force of official City policy; and (3) fails to plead facts sufficient to support a rational inference of legal causation.

> **2.      Plaintiff's section 1983 claim against the City must be dismissed because Plaintiff fails to plead the identity of the City's final policymaker.**

The first of the three attribution principles for municipal liability under section 1983 is a policymaker.  *Piotrowski*, 237 F.3d at 578.  As the Fifth Circuit stated pointedly in *Piotrowski*, "several Supreme Court cases have discussed the policymaker criterion for municipal liability." *Id.* at 579.

Accordingly, this Court has determined that a plausible municipal liability complaint must plead the identity of the final municipal policymaker.  In *Davenport v. City of Garland*, No. 3:09cv798-B, 2010 WL 1779620 (N.D. Tex. Apr. 9, 2010), *accepted by* 2010 WL 1779619 (N.D. Tex. Apr. 30, 2010), Davenport alleged a custom of excessive force by City of Garland police officers.  Davenport's pleadings, like Plaintiff's, were vague and conclusory:  "the use of excessive force . . . is so common and well known . . . that it constitutes a custom that fairly represents municipal policy."  *See Davenport* 2010 WL 1779620, at *2.  However, Davenport "fail[ed] to name the City's final policymaker who allegedly makes, adopts, or ratifies those practices, customs, policies, and procedures."  *Id.*  This Court held that Davenport's failure to identify Garland's final policymaker was one of several pleading defects that rendered his claim

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                                    Page 7

implausible:

> Again, Plaintiff makes complaints against the City's policies *but fails to name the final policymaker or state any facts which would allow the Court to make that determination.* These bare assertions amount to nothing more than a "formulaic recitation of the elements" of a municipal liability claim. *Twombly*, 550 U.S. at 554-555. As such, the allegations are conclusory and not entitled to the assumption of truth. *Id.*

*Davenport*, 2010 WL 1779620, at *3 (emphasis added). This Court determined that Davenport's claim lacked facial plausibility. *Id.* at *3-4.

Plaintiff's Complaint succumbs to a similar fatal deficiency. In paragraghs 3, 9, and 10, Plaintiff refers to the City Manager, City Council and Chief of Police as policymakers, but nowhere in his Complaint does Plaintiff identify the City's final policymaker to whom the Court could attribute knowledge of the alleged City customs that Plaintiff asserts led to a deprivation of Pinedo's constitutional rights coupled with deliberate indifference to a risk of such deprivations. (*See* Complaint.) Likewise, nowhere in his Complaint does Plaintiff plead *facts* which would allow this Court to make such a determination. (*Id.*)

Plaintiff's Complaint suffers from precisely a similar defect that rendered the Complaint insufficient in *Davenport*, where this Court stated that the plaintiff "makes complaints against the City's policies but fails to name the final policymaker or state any facts which would allow the Court to make that determination." *Davenport*, 2010 WL 1779620, at *3. Plaintiff's Complaint, like Davenport's, offers bare assertions which amount to nothing more than a "formulaic recitation of the elements" of a municipal liability claim. *Id.* (citing *Twombly*, 550 U.S. at 554-555). Therefore, the Court should dismiss Plaintiff's federal claims against the City pursuant to Rule 12(b)(6) for failure to plead a plausible claim for relief.

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                    Page 8

**3.      Plaintiff's section 1983 claim against the City must be dismissed because Plaintiff fails to plead facts supporting the existence of an offending City custom having the force of official City policy.**

The second of the three attribution principles for municipal liability under section 1983 is the existence of an official municipal policy.  *Piotrowski*, 237 F.3d at 578.  Here, the City will focus upon Plaintiff's failures to plead sufficiently  (1) the customs Plaintiff attempts to allege, (2) facts showing that the City's final policymakers were aware of the customs Plaintiff attempts to allege, and (3) facts showing that the City's final policymakers were deliberately indifferent to a known or obvious risk of the harms Plaintiff alleges.

Plaintiff pleads these vague and conclusory assertions regarding an identification of the City's policies and customs having the force of municipal policy:

> 3.      Plaintiff's allegations include, but are not limited to, allegations that the CITY OF DALLAS failed to ensure that its officers implemented policies, practices and procedures that respected GERARDO PINEDO, JR.'s constitutional rights to assistance, protection and equal treatment under the law.  That the City Manager, City Council and the Chief of Police, all policy makers, had knowledge or constructive knowledge that the City of Dallas Police Officers have a custom of using excess force, and a custom of violating the Dallas Police Department General Orders governing the exercise of force.

> 50.      Plaintiff would further show that Defendants ROBINSON and MELTABARGER's actions were the result of, or within the scope of, wrongful and reckless customs, policies, practices and/or procedures that were known or constructively known by the CITY OF DALLAS, TEXAS, the City Manager, the members of the City Council, and the Chief of Police, all of whom knew or should have known but never provided requisite and proper training, or failed to properly reprimand prior officers, thereby perpetuating the custom of the use of excessive force by the Dallas Police Department.

> 62.      Plaintiff would show that Defendants ROBINSON and MELTABARGER were acting within custom, policy, practice and/or procedure of the CITY OF DALLAS, TEXAS, using excessive force, and at the time of the incident, said customs, policies and practices and procedures were known by the CITY OF DALLAS, the City Attorneys, the City Manager, the City Council, and the Chief of Police.

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                                                                Page 9

65.     Additionally, Plaintiff would show that it is the policy of the
Dallas Police Department to treat Hispanics in a cruel manner regardless
of the circumstances or the need to.

(Complaint at PageID 107-125).

Clearly, Plaintiff's allegations fall squarely within that class of conclusory allegations

described by the Supreme Court in *Twombly* and *Iqbal* as "'naked assertion[s]' devoid of 'further

factual enhancement.'"   *Iqbal*, 556 U.S. at 1949 (quoting *Twombly*, 550 U.S. at 557).   Plaintiff

refers to the Dallas Police Department General Orders in reference to force applications, yet fails

to identify *any* written policy that is facially unconstitutional.   Likewise, Plaintiff also fails to

plead any *facts* on which this Court could make a reasonable inference of a DPD custom of the

use of unlawful seizures or of excessive force.   Plaintiff pleads no facts to support that allegation,

rendering their accusation nothing more than a "'naked assertion' devoid of 'further factual

enhancement,'" which is not entitled to any presumption of truth.   *Iqbal*, 556 U.S. at 678

(quoting *Twombly*, 550 U.S. at 557).   *Twombly* and *Iqbal* require far more than the sparse,

conclusory, buzz-word laden allegations Plaintiff pleads.

Plaintiff's conclusory allegations are unsupported by pleading of *facts* that would permit

this Court to make a rational inference of liability.   Plaintiff pleads only one instance of alleged-

ly unlawful seizure and use of force, that being Pinedo's encounter with officers Robinson and

Meltabarger.   (*See* Complaint.)   Plaintiff plead *no facts* from which this Court could make a

rational inference of a "persistent, widespread practice" arising to the level of a custom having

the force of an official municipal policy.   (*Id.*)   A single incident, such as Plaintiff pleads here, is

insufficient as a matter of law to give rise to a custom.   *See, e.g., Fraire v. City of Arlington*, 957

F.2d 1268, 1278 (5th Cir. 1992) ("isolated violations are not the persistent, often repeated

constant violations that constitute custom and policy"); *Bennett v. City of Slidell*, 728 F.2d 762,

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                               Page 10

768 n.3 (5th Cir. 1984) (same); *Campbell v. City of San Antonio*, 43 F.3d 973, 977 (5th Cir. 1995) (rejecting the plaintiffs' allegations of the existence of a municipal custom because the plaintiffs "describe[d] only this single incident in which [officer] Vidal was mistaken in his identification."); *Piotrowski*, 237 F.3d at 581 ("A customary municipal policy cannot ordinarily be inferred from single constitutional violations."). Thus, as a matter of law Plaintiff fails to plead a plausible claim premised upon the existence of a City custom of unlawful seizures and excessive force.

This Court's analysis of the complaint in *Davenport v. City of Garland* once again is instructive. Because of the striking functional correspondence between Davenport's and Plaintiff's pleadings, the City reproduces this Court's analysis of Davenport's complaint here:

> [Davenport's] other allegations concern internal affairs investigations, training, and discipline. The Court assumes as true the fact that the City's Internal Affairs Division ("IAD") denied Plaintiff's complaint against the arresting officers. According to Plaintiff, he suffered damages because the IAD did not adequately or seriously investigate the incident in question. He alleges that Garland police officers know that the IAD seldom finds violations and that the IAD's indifference encourages Garland police officers to use excessive force. He contends that the City neither disciplines nor fires its police officers for using excessive force. Further, he claims the City does not train the officers to prevent excessive force nor retrain those who have engaged in it. ***Without any facts to support these allegations, they are no more than conclusory allegations that the City ratified the officers' use of excessive force against him in this case by denying his IAD claim and generally failing either to train or supervise its officers.*** Again, Plaintiff makes complaints against the City's policies but fails to name the final policymaker or state any facts which would allow the Court to make that determination. These bare assertions amount to nothing more than a "formulaic recitation of the elements" of a municipal liability claim. *Twombly*, 550 U.S. at 554-555. As such, the allegations are conclusory and not entitled to the assumption of truth. *Id.*

*Davenport*, 2010 WL 1779620, at *3 (emphasis added in bold-italics). Plaintiff's allegations are functionally equivalent to Davenport's. In fact, Davenport's allegations were more specific than are Plaintiff's in this case.

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                           Page 11

Plaintiff also pleads that undefined failures to train it officers and to enforce presumably constitutional policies and procedures was the cause of Pinedo's death.  (*See* Complaint at PageID 126-127 ¶¶ 74-75:  "Defendant the CITY OF DALLAS, TEXAS and or policymakers the City Manager, the City Council, and the Chief of Police, all developed and maintained a policy of deficient training of its police force in the use of force, including the use of deadly force in the apprehension of individuals.").  That allegation is insufficient and fails to state a plausible claim for the same reason Davenport's pleadings were insufficient:  it is a purely conclusory allegation unsupported by any facts that render the conclusion plausible.

4.      **Plaintiff fails to plead sufficient facts to permit a rational inference of policymaker deliberate indifference.**

The City has already shown that, with respect to the customs Plaintiff alleges in the Complaint, Plaintiff fails to sufficiently plead facts supporting the existence of a persistent and widespread practice rising to the level of a municipal policy.  However, even assuming that Plaintiff had pleaded the identity of the City's final policymaker along with facts sufficient to permit a rational inference of the existence of the relevant City customs, Plaintiff still fails to plead *facts* from which the Court could rationally infer that the City's final policymakers were deliberately indifferent to a known or obvious risk that those customs would result in deprivations of rights.

Plaintiff fails to plead facts that would allow the Court rationally to infer that the City's final policymaker was actually aware of systemic deficiencies in officer training, supervision, or discipline, actually drew an inference of a substantial risk of a specific constitutional harm, and then disregarded that risk.  *See Estate of Davis*, 406 F.3d at 381 ("For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                                    Page 12

Therefore, Plaintiff fails to plead a plausible claim against the City based upon a failure to train, supervise, or discipline officers Meltabarger and Robinson or any other Dallas police officers.

In sum, Plaintiff fails to identify the City's final policymaker; fail to plead facts showing knowledge or approval by those policymakers of a persistent, widespread practice of violating Fourth Amendment rights (or any other constitutional rights); fail to plead any facts to show a direct causal link between the City's policies to any deprivation of Pinedo's rights; and fails to plead non-conclusory facts that would allow this Court to make those determinations. Therefore, Plaintiff's bare assertions amount to nothing more than a "formulaic recitation of the elements" of a *Monell* claim, and his conclusory allegations are not entitled to the assumption of truth.[2]  *See Twombly*, 550 U.S. at 554-55. Therefore, the Court should dismiss Plaintiff's section 1983 claims as to the City for failure to state a claim upon which relief can be granted.

In the Complaint paragraph 61 (PageID 124), Plaintiff pleads that the DPD condoned unlawful conduct by officers Robinson and Meltabarger:

> 61.    Plaintiff would show that by their knowledge of said customs, the City of Dallas condoned the behavior of Defendants ROBINSON and MELTBAGARGER in their denial of GERARDO PINEDO, JR's right to be free from cruel, unusual and excessive punishment, and to be free from deprivation of his rights without due process of law, in violation of the Fourth Amendment to the United States Constitution as incorporated to the States by the Fourteenth Amendment.

(Complaint at PageID 124.)

However, Plaintiff pleads no *facts* from which the Court can rationally infer that the City's final policymaker was even *aware* of the salient facts necessary to "condone" the officers'

---

[2] Other district courts routinely have dismissed governmental liability claims under 42 U.S.C. § 1983 for lack of factual support in the complaint in the wake of *Twombly* and *Iqbal*.  *See, e.g., Hutchison v. Metro. Gov't*, 685 F. Supp. 2d 747, 751-52 (M.D. Tenn. 2010); *Martin v. District of Columbia*, No. 09-1241 (EGS), 2010 WL 2628711, at *3 (D.D.C. July 1, 2010); *Ward v. Nevada*, No. 3:09-cv-00007-RCJ-VPC, 2010 WL 1633461, at *5 (D. Nev. Feb. 26, 2010), *accepted by* 2010 WL 1640427 (D. Nev. Apr. 2010); *Jenkins v. Humboldt Cnty.*, No. C 09-5899 PJH, 2010 WL 1267113, at *3 (N.D. Cal. Mar. 29, 2010); *Mabien v. Riley*, No. 08-00728-CG-B, 2009 WL 4609763, at *3 (S.D. Ala. Dec. 1, 2009).

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                    Page 13

alleged misconduct.  Indeed, without an actual identification of the City's final policymaker, it is impossible for the Court to make a rational inference that the City's final policymaker "condoned" any alleged misconduct by officers Meltabarger and Robinson.  *See, e.g. City of Canton*, 489 U.S. at 389 ("[M]unicipal liability under § 1983 attaches where, and only where, a deliberate choice to follow a course of action is made from among various alternatives" *by city policymakers*.") (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483-84 (1986) (emphasis added)).

> **5.  Plaintiff's training, supervision, and discipline allegations are conclusory and are insufficient to allow an inference of liability.**

Plaintiff alleges in Complaint paragraphs 74-75 that the City is liable under section 1983 because of the City's "failure to properly train, supervise, test, regulate, discipline or otherwise control its employees."  (Complaint at PageID 126-127.)  Here again, Plaintiff fails to plead more than "labels and conclusions" that amount to a "formulaic recitation of the elements of a cause of action.'"  *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  Plaintiff fails to plead *facts* that would allow a rational inference that officers Robinson or Meltabarger–or any other Dallas police officer–was insufficiently trained, supervised or disciplined.  (*See* Complaint.)  Plaintiff identifies no deficiencies, much less systemic deficiencies in officer training, supervision, or discipline.  (*Id.*)  Here, Plaintiff fails to plead any *facts* from which the Court could rationally infer that the City's final policymakers were even aware of any systemic deficiencies in officer training, supervision, or discipline, much less that the City's final policymakers deliberately chose a deficient course of action from the alternatives available.  (*See* Complaint.)  Thus, Plaintiff's Complaint fails to state a plausible claim with respect to an alleged custom of deficient officer training, supervision, or discipline.

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                                    Page 14

### C.     Plaintiff Fails to Plead a Viable Conspiracy Claim.

Plaintiff's Complaint cites 42 U.S.C. § 1985(3) as a source of liability.   (Complaint at PageID 107 ¶ 1.)   Section 1985(3) has unusual wording and a complex set of elements.   In *Griffin v. Breckenridge*, 403 U.S. 88 (1971), the Supreme Court held that, to state a successful claim under section 1985(3), there must have been a conspiracy for the purpose of depriving a person or class of persons of equal protection under the laws, and there must have been an action in furtherance of that conspiracy by which the person or class was injured or deprived of exercising any right or privilege of a citizen of the United States.   *Griffin*, 403 U.S. at 102-103. Further, in *Griffin* the Supreme Court stated that a section 1985(3) plaintiff must proffer evidence of "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action."   *Id*.   Therefore, to keep section 1985(3) within the scope intended by Congress, courts have required that the act in furtherance of the conspiracy be independently illegal *and* that the conspirators' action be motivated by a class- or race-based animus.   The Fifth Circuit has long followed the Supreme Court's direction.   *See, e.g., McLellan v. Miss. Power & Light Co.*, 545 F.2d 919, 924 (5th Cir. 1997) (requiring racial or classed-based invidious discriminatory animus and the objective of depriving equal enjoyment of rights).

Following the clear directions set out in *Griffin*, the Fifth Circuit stated in *Bryan v. City of Madison*, 213 F.3d 267, 276 (5th Cir. 2000), that "[i]in this circuit, we require an allegation of a race-based conspiracy" to present a claim under section 1985(3).

"Plaintiffs who assert conspiracy claims under civil rights statutes must plead the operative facts upon which their claim is based.   Bald allegations that a conspiracy existed are insufficient."   *Anderson v. Law Firm of Shorty, Dooley & Hall*, 393 F. App'x 214, 217 (5th Cir. 2010) (quoting *Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (footnote omitted)).   The

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                                                Page 15

*Anderson* court affirmed the district court's Rule 12(b)(6) dismissal of section 1983 conspiracy claims because the complaint only made conclusory allegations of a conspiracy involving several defendants, which allegations were insufficient "to raise a right to relief above the speculative level." *Anderson*, 393 F. App'x at 217 (quoting *Twombly*, 550 U.S. at 555).

Here, too, Plaintiff utterly fails to provide any operative facts as to the alleged conspiracy by the Officers. (*See* Complaint.) The Complaint is devoid of any operative facts regarding the alleged conspiracy. (*See id.*) Moreover, a plaintiff who alleges a conspiracy under the Civil Rights Act must "allege specific facts to show an agreement." *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008) (citing *Priester v. Lounds Cnty.*, 354 F.3d 414, 420 (5th Cir. 2008)). Plaintiff pleads no *facts* that would establish an agreement; he does not address an agreement at all. (*See* Complaint.) Absent such factual enhancement, Plaintiff fails to state a plausible claim, and the Court should dismiss any claim premised upon a supposed conspiracy. *Small v. Dallas Cnty.*, 170 F. App'x 943 (5th Cir. 2006) (conclusional allegations do not suffice to state a civil rights conspiracy).

Furthermore, it is well-settled in the Fifth Circuit that a conspiracy, including one alleged under the Civil Rights Act, cannot exist among the agents of the same corporate entity. For example, in *Hilliard v. Ferguson*, 30 F.3d 649 (5th Cir. 1994), the plaintiff brought suit under section 1985(3) against a school superintendent and the school board arising from a denial of employment. The Fifth Circuit affirmed the dismissal of the section 1985(3) claim, stating that "[i]t is the long-standing rule in this circuit that a 'corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation.'" *Hillard,* at 653 (citing *Nelson v. Radio Supply Co.*, 200 F.2d 911, 914 (5th Cir. 1992).

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                    Page 16

The intracorporate conspiracy doctrine employed in *Hilliard* applies to police departments and their employees. *See Thompson v. City of Galveston*, 979 F. Supp. 504, 511-12 (S.D. Tex. 1997) (granting judgment on the pleadings on conspiracy claim under section 1983). Here, it is unclear who Pinedo alleges participated in the conspiracy. However, Pinedo's Complaint identifies only the City, officer Robinson, and officer Meltabarger, so the only reasonable conclusion is that the conspiracy allegedly existed among those individuals, all of whom were members of the same collective legal entity. Therefore, the conspiracy claim under section 1985(3) fails as a matter of law, and should be dismissed.

**D.   Plaintiff Fails to State a Plausible Claim for Relief Under the Fourteenth Amendment.**

In Complaint paragraphs 64-65, Plaintiff alleges that "ROBINSON and MELTABARGER clearly and wrongfully used race as a factor, a proxy, for reasonable suspicion and using excessive force on GERARDO PINEDO, JR.. Additionally, Plaintiff would show that it is the policy of the Dallas Police Department to treat Hispanics in a cruel manner regardless of the circumstances or the need to." (Complaint at PageID 125.) The requirements for a claim of racial profiling draw on what the Supreme Court has called "ordinary equal protection standards." *United States v. Armstrong,* 517 U.S. 456, 465 (1996). To establish a claim of racial profiling, Plaintiff must demonstrate that Defendant's actions had a discriminatory effect and were motivated by a discriminatory purpose. *Armstrong,* 517 U.S. at 465. Pinedo's allegations fail to establish a claim for racial profiling.

Plaintiff alleges no facts which establish that Defendants' actions had a discriminatory effect or were motivated by a discriminatory purpose. Moreover, based on the facts of this case, Plaintiff cannot establish that any alleged discriminatory purpose was a motivating factor in their

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                    Page 17

decision to investigate the neighbor's complaint of noises emanating from 1639 Conner Drive.

Furthermore, Plaintiff's Complaint completely undermines this claim. In paragraphs 19-20, (PageID 111) Plaintiff states that Meltabarger and Robinson responded to a 911 call and spoke with a neighbor who advised them of hearing suspicious noises coming from 1639 Conner Drive. Thus, there is no evidence of a discriminatory purpose for Meltabarger and Robinson's investigation and their uses of force.

To the extent that Plaintiff seeks to advance an excessive force claim under the Fourteenth Amendment, Plaintiff's claim fails as a matter of law because the federal right that Plaintiff alleges was infringed arises under the Fourth Amendment, not the Fourteenth. The well-settled rule is that the Fourth Amendment's reasonableness standard, not the "generalized notion of substantive due process," controls the analysis of all claims of the use of excessive force in connection with a seizure of a person. *Graham v. Connor*, 490 U.S. 386, 394-95 & n.10 (1989). Therefore, Plaintiff fails to state a claim under the Fourteenth Amendment as a matter of law.

### E.      Plaintiff Fails to State a Plausible Claim for Relief for Wrongful Death.

Finally, Plaintiff alleges against the City a wrongful death claim arising under Texas law. In Complaint paragraph 115, Plaintiff pleads:

> 115.    GERARDO PINEDO, JR.'s death resulted from Defendants' willful act or omission, or from Defendants' gross negligence, which entitles GERARDO PINEDO, JR.'s heirs to exemplary damages under the Texas Constitution article 16, section 26.

(Complaint at PageID 132.)

The City is entitled to dismissal of this claim because the City enjoys governmental immunity as to any intentional torts, and the acts that Plaintiff alleges officers Robinson and Meltabarger engaged in are, at bottom, false imprisonment and assault, both of which are

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                                      Page 18

intentional torts under Texas law.

Unless specifically waived by clear and unambiguous language, a municipality enjoys sovereign immunity. *Univ. of Tex. Med. Branch v. York*, 871 S.W.2d 175, 177 (Tex. 1994). It is undisputed, as Plaintiff pleads, that the City is a governmental entity. The limited waiver of the City's sovereign immunity granted by section 101.021 of the Texas Civil Practice and Remedies Code, the Texas Tort Claims Act ("TTCA") is itself limited by section 101.057, which excludes from that limited waiver of immunity any claim "arising out of assault, battery, false imprisonment, or any other intentional tort." *See* Tex. Civ. Prac. & Rem. Code § 101.057 ("The chapter does not apply to a claim . . . arising out of assault, battery, false imprisonment, or any other intentional tort, . . . .").

Count D of the Complaint plainly alleges "False Arrest." Thus, Plaintiff alleges a false imprisonment, a claim that indisputably falls under section 101.057(2).

Similarly, Count E of the Complaint plainly alleges "Assault and Battery." Texas law provides that a person commits an assault if he "intentionally, knowingly, or recklessly causes bodily injury to another." Tex. Penal Code § 22.01(a)(1). The elements for civil assault mirror those required for criminal assault. *Umana v. Kroger Texas, L.P.*, 239 S.W.3d 434, 436 (Tex. App.—Dallas 2007, no pet.) (citing *Johnson v. Davis*, 178 S.W.3d 230, 240 (Tex.App.— Houston [14th Dist.] 2005, pet. denied). This Court recognizes that fact. *See Curtis v. Arapaho Venture Ltd.*, Civil Action No. 3:03cv2099, 2004 WL 2248236 (N.D. Tex. Oct. 5, 2004) (granting the City of Dallas' Motion for Summary Judgment as to the plaintiff's assault and battery claims against the City of Dallas because the City of Dallas enjoyed governmental immunity as to intentional torts of assault and battery). For these reasons, the City is immune from suit as to Plaintiff's claims arising from any intentional torts, and the Court must dismiss

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                    Page 19

those claims for failure to state a plausible claim for relief.

With respect to Plaintiff's negligence claim, the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code § 101.001, et seq. waives the state's sovereign immunity from suits arising both from: (1) the negligent conduct of an employee if property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or equipment if the employee would be personally liable to the claimant; and (2) from injuries caused by a condition or use of tangible personal property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law. *See,* Tex. Civ. Prac. & Rem. Code § 101.021. Neither of these waivers is available to Plaintiff in this case. With respect to the claim of negligent infliction of emotional distress, that claim is not recognized in Texas law. *Boyles v. Kerr*, 855 S.W.2d 593, 594 (1993).

### III.    CONCLUSION

Plaintiff's allegations in his Complaint do not state a plausible claim for relief under 42 U.S.C. § 1983 as to the City. Plaintiff's allegations are vague and conclusory, and do not provide factual content beyond labels, conclusions, and a formulaic recitation of the minimal elements of section 1983 municipal liability claim. Plaintiff fails to identify the City's final policymakers who would be responsible for the unlawful customs alleged, and Plaintiff fails to allege facts that allow a reasonable inference that any City custom having the force of official policy was the moving force and actual cause of Plaintiff's alleged injuries. As a result of the lack of factual content in Plaintiff's Complaint, their section 1983 claims lack facial plausibility because the Court cannot draw the reasonable inference that the City is liable for the misconduct and damages that Plaintiff alleges. Plaintiff's conspiracy claims under section 1985(3) fails because Plaintiffs fail to plead sufficient facts to establish a conspiracy. Finally, Plaintiff fails to

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                                        Page 20

plead a plausible claim against the City arising under Texas law, because the City has governmental immunity as to the intentional torts of intentional infliction of emotional distress, false imprisonment, and assault.

WHEREFORE, Defendant City of Dallas prays that the Court dismiss Plaintiff's claims against it, and that the Court grant the City all such other and further relief to which the City is entitled.

Respectfully submitted,

WARREN M. S. ERNST
Dallas City Attorney

*s/* James C. Butt
Senior Assistant City Attorney
Texas Bar No. 24040354
james.butt@dallascityhall.com

Jason G. Schuette
Executive Assistant City Attorney
Texas Bar No. 17827020
jason.schuette@dallascityhall.com

City Attorney's Office
1500 Marilla Street, Room 7B North
Dallas, Texas 75201
Telephone:     214-670-3519
Telecopier:    214-670-0622

ATTORNEYS FOR DEFENDANT
CITY OF DALLAS

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                        Page 21

## CERTIFICATE OF SERVICE

I certify that on May 12, 2014, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Evan Lane Shaw
Collen R. Meyer
Janet R. Randle
2723 Fairmount Street
Dallas, Texas 75201

*s/ James C. Butt*
Senior Assistant City Attorney

Defendant City of Dallas's Motion Pursuant to Rule 12(b)(6) to Dismiss Plaintiff's
Claims Alleged Against It In Plaintiff's First Amended Complaint, and Brief in Support
*Pinedo v. City of Dallas, et al.*; Civil Action No. 3:14-CV-0958-D                                                                 Page 22