IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GERARDO PINEDO, SR., INDIVIDUALLY AND ON BEHALF OF THE ESTATE OF GERARDO PINEDO, JR., | § § § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. 3:14-CV-0958-D |
| VS. | § § | |
| THE CITY OF DALLAS, TEXAS, et al., | § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff's April 5, 2015 opposed emergency motion for leave to file surreply is denied.*

Although the court often allows the filing of a surreply and then a final reply, *compare Springs Industries, Inc. v. American Motorists Insurance Co.*, 137 F.R.D. 238, 240 (N.D. Tex. 1991) (Fitzwater, J.), the court concludes that plaintiff's surreply should not be allowed. First, plaintiff is relying on materials outside his second amended complaint that clearly are not to be considered when deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Second, plaintiff is essentially attempting to support his request for leave to amend, if the court determines that the motion to dismiss should be granted. This is a decision to be made under a standard that does not require (assuming it permits) consideration of the extensive materials on which plaintiff now relies. This court has frequently stated that district courts often afford plaintiffs at least one opportunity to cure

---

*Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

pleading deficiencies before a dismissing case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.  *See, e.g., In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.).  "At least one opportunity" does not mean *only one* opportunity.  Accordingly, if the court grants defendant's March 2, 2015 motion to dismiss, it will consider whether to grant plaintiff leave to amend.  Because plaintiff has not said that he is unwilling or unable to amend in a manner that will avoid dismissal—indeed, he has said the opposite—this decision will be made based on whether the court concludes that it is clear that the defects in his second amended complaint are incurable.

**SO ORDERED**.

April 8, 2015.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE